**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

LANESHIA WILLIAMS                                                                    PLAINTIFF

v.                                          3:15CV00045-DPM-JTK

DOES                                                                               DEFENDANTS

**ORDER**

 Plaintiff Williams is an inmate who filed a Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, but did not submit the $400.00 filing fee or an in forma pauperis (IFP) Motion.

 Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $350.[1]  28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he/she will be allowed to proceed with his/her §1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

 The PLRA requires a Plaintiff to submit a proper and complete Motion to Proceed in forma

---

[1] Effective May 1, 2013, the statutory filing fee for civil actions increased to $400, due to the implementation of a $50 administrative fee.  This $50 fee does not, however, apply to in forma pauperis actions.

pauperis, along with calculation sheet prepared and signed by an authorized officer of the detention center.  Plaintiff Williams must submit, within thirty (30) days from entry of this Order, either: (1) the statutory filing fee of $400; or (2) a proper and complete IFP Motion, **with the required calculation sheet signed by an authorized official of the detention center at which she is confined**.

The Court also notes that Plaintiff identifies all Defendants as Does, All Medical Staff of the Craighead County Sheriff's Department.  Since the identity of the Defendants is not known, the Clerk can not issue summons, and the Marshal is unable to serve unknown persons.  Therefore, Plaintiff also should submit an amended complaint, together with information identifying Defendants, within thirty days of the date of this Order.  The amended complaint should include the following: (1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the plaintiff's constitutional rights; 4) how Plaintiff was harmed; and 5) whether Plaintiff was incarcerated as a pretrial detainee at the time of the incident(s).  Plaintiff must set forth specific facts concerning the allegations she has set forth including, where applicable, dates, times and places. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff must submit either the $400 statutory filing fee or a Motion to Proceed in forma pauperis, together with an Amended Complaint, within thirty days of the entry date of this Order.[2]

---

[2]

The Plaintiff is hereby notified of her responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

The Clerk is directed to send to Plaintiff an <u>IFP</u> Motion, together with the filing fee calculation sheet and a § 1983 Complaint form.

IT IS SO ORDERED this 13th day of February, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE